## Case No. 3,007.

### In re COLLINS.

[12 Blatchf. 548;[1] 12 N. B. R. 379; 1 N. Y. Wkly. Dig. 78.]

Circuit Court, E. D. New York. June 21, 1875.[2]

RIGHT OF ASSIGNEE IN BANKRUPTCY TO ATTACK CONVEYANCE — VALIDITY OF CHATTEL MORTGAGE.

1. An assignee of a bankrupt represents creditors, and has the right to attack a fraudulent conveyance made by the bankrupt, wherever creditors could do so, even where the bankrupt, by participating in the fraud, has lost the right to attack the conveyance.

[Cited in Re Duncan, Case No. 4,131; Platt v. Matthews, 10 Fed. 281.]

2. By the statute of New York (3 Rev. St., 5th Ed., 222, § 9), a chattel mortgage, not accompanied by an immediate delivery and continued change of possession of the thing mortgaged, is declared to be void "as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith, unless the mortgage, or a true copy thereof, shall be filed," as directed. The creditors intended are those who have, by judgment and execution, obtained a specific lien on the thing mortgaged. Subsequent purchasers and mortgagees in good faith are those who pay or advance their money upon the security of the property, without knowledge of the previous incumbrance.

[Cited in Cady v. Whaling, Case No. 2,285.]

3. C. gave a chattel mortgage to S. on some boilers. Afterwards C. was adjudged a bankrupt. After that, the mortgage was filed. W. became a creditor of C. while the boilers were in the hands of C., and after the mortgage was given, and before it was filed, but had obtained no judgment for his debt. The assignee in bankruptcy of C. received the boilers as the property of C. S. obtained an order from the district court, in bankruptcy, declaring the mortgage to be a lien on the boilers, and directing the assignee to pay the mortgage out of the proceeds of the sale of the boilers. W. appealed from that order to this court. Held, affirming the order, that, as representing W., the assignee could not attack the mortgage; that

he did not represent a judgment and execution, or a purchaser or a mortgagee in good faith; and that the assignment to the assignee under the bankruptcy act conferred upon him no greater right to attack the mortgage than the bankrupt had.

[Cited in Platt v. Stewart, Case No. 11,220; Re Gurney, Id. 5,873; Re Werner, Id. 17,-416; Platt v. Preston, Id. 11,219; Douglass v. Vogeler, 6 Fed. 58.]

Appeal from the district court of the United States for the eastern district of New York.

In bankruptcy. A petition was presented to the district court by Carston Schomaker, setting forth, that, in May, 1873, he sold and delivered to Charles Collins three locomotive tubular boilers, for the price of $1,500; that, on the 29th of October, 1873, said Collins gave to him a chattel mortgage on said boilers, for $1,448.40, a part of the purchase money of said boilers, which had not been paid; that said chattel mortgage was not filed for record until June 5th, 1874, and had not been paid, but said mortgagor was indebted for the whole amount secured thereby to the petitioner; that, on the 22d of April, 1874, a petition to have said Collins adjudged a bankrupt was filed in said court, and proceedings commenced by the service of a citation or order to show cause why he should not be so adjudged; that, on the 11th of June, 1874, said Collins was adjudged a bankrupt, and on the 26th of June, 1874, Robert King was elected and appointed assignee; that said boilers had come into the possession of said assignee, as the property of said bankrupt; that said chattel mortgage was payable on demand, and the petitioner had demanded payment of said Collins and said assignee, and said mortgagor was in default on said mortgage; that said mortgage was taken by the petitioner in good faith, without fraud, and in the full belief that said Collins was abundantly solvent; that the petitioner had demanded said boilers of said assignee; and that, on the petition of said assignee, a sale thereof had been ordered under section 25 of the bankruptcy act [of 1867 (14 Stat. 528)]. The petition prayed that said mortgage might be declared a lien upon the property therein mentioned; that the amount thereby secured might be allowed and paid to the petitioner by the assignee of the bankrupt; and that if, upon the sale of said property, by order of the court or otherwise, by said assignee, the petitioner should be the highest bidder, the assignee might allow and apply upon said bid the amount so secured by said mortgage to the petitioner. The district court made an order in accordance with the prayer of the petition. [Case No. 3,004.] From that order the assignee, on behalf of Warner & Co., creditors of the bankrupt, appealed to this court. The debt of Warner & Co. was contracted while the boilers were in the hands of Collins, and after the mortgage was given, and before it was filed. It did not appear

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission. 1 N. Y. Wkly. Dig. 78, contains only a partial report.]

[2] [Affirming Case No. 3,004.]

that judgment had ever been recovered upon this debt.

Tracy, Catlin & Brodhead, for Schomaker. F. E. Dana, for assignee.

HUNT, Circuit Justice. The argument of the appellant is, that, by the statutes of New York (3 Rev. St., 5th Ed., 222, § 9) a chattel mortgage not accompanied by an immediate delivery and continued change of possession of the thing mortgaged, "shall be absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith, unless the mortgage, or a true copy thereof, shall be filed" as directed in a section following; and that the assignee represents the creditors of the bankrupt, as well as the bankrupt, and, by the statutes of New York (3 Rev. St., 5th Ed., 226, § 1), as well as by the principles of the bankrupt act, may attack and set aside any mortgage or assignment that could be attacked by a creditor, if bankruptcy had not occurred. The appellant cites Thompson v. Van Vechten, 27 N. Y. 568, 581, 582, and Parshall v. Eggert, 54 N. Y. 18, to show, that the mortgage is void as against a debt contracted before it was filed, although judgment was not obtained upon the debt until after such filing; and that, while it is conceded that the mortgage cannot be attacked until the creditor's debt is put in judgment and an execution issued thereon, yet, when these requisites are met, the creditor may go back to the origin of the debt, and, if the mortgage was then unfiled, it is deemed to be fraudulent as against the judgment and execution thus subsequently obtained. This course of reasoning is entitled to great consideration. In the present case, the essential fact of a judgment and execution in favor of the firm of Warner & Co. is not set forth. There is no evidence or reason to suppose that up to this moment they are in a condition to attack the mortgage, if no proceedings in bankruptcy had been taken.

I think the position is a sound one, that the assignee represents the creditors, and that he is authorized and is bound to protect their interests. In the instance of a fraudulent conveyance, where, by his participation in the fraud, the debtor has lost the right to attack the conveyance, I do not doubt the power of the assignee, as representing creditors, to attack it, wherever creditors could do so. The difficulty here is, that the creditor has no such right. Has the assignee any other or greater rights than the creditor? The New York statute declares the mortgage, unless filed, to be void as against the cred t ors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith. The creditors spoken of have been shown to be those having judgments and executions. Subsequent purchasers or mortgagees in good faith are those who pay or advance their money upon the security of the property, without knowledge of the previous incumbrance. Thompson v. Van Vechten, 27 N. Y. 581; Van Heusen v. Radcliff, 17 N. Y. 580. The assignee cannot claim to hold either of these positions. So far as it is obtained from state laws, the assignee would seem to have no power to attack the mortgage. He does not represent a judgment and execution, or a purchaser or mortgagee in good faith.

Does the bankrupt act of the United States give to the assignee, under the circumstances stated, the authority to set aside this mortgage as fraudulent? Section 14 (14 Stat. 523) enacts, that "all the property conveyed by the bankrupt in fraud of his creditors, all rights in equity," &c., "shall, in virtue of the adjudication of bankruptcy, and the appointment of his assignee, be at once vested in such assignee." It is also enacted, in the same section, that "such assignment shall relate back to the commencement of said proceedings in bankruptcy, and thereupon, by operation of law, the title to all such property and estate, both real and personal, shall vest in said assignee, although the same is then attached," &c. All rights at law or in equity to this property, possessed by the bankrupt when the bankrupt proceedings are commenced, belong to the assignee. The case of Allen v. Massey, 17 Wall. [84 U. S.] 351, is cited to show that the assignee has power to maintain this action. It does not appear, from the report of the case, that the law of Missouri makes it necessary that there should be a judgment and execution before a creditor can attack a fraudulent mortgage, nor that that point was presented in that case. If the creditor had or has a right in law or in equity, it passes to the assignee. If he has none, nothing passes to the assignee. I do not perceive how the transfer from the bankrupt to the assignee relieves from the necessity of obtaining that specific lien upon the property which is needed to authorize an attack upon the mortgage. The New York Reports are full of cases to the effect, that a simple debt, or a judgment even, will not justify a bill to set aside, as fraudulent, a conveyance of real estate. The creditor must first have a deed or mortgage from the debtor, a sheriff's certificate of sale on execution, or some equivalent right giving a claim upon the specific property conveyed. Frost v. Mott, 34 N. Y. 253; Lawrence v. Bank of Republic, 35 N. Y. 320; Meech v. Patchin, 14 N. Y. 71; Cramer v. Blood, 57 Barb. 155; Dunlevy v. Tallmadge, 32 N. Y. 457; Rinchey v. Stryker, 28 N. Y. 45. So, in the case of a fraudulent incumbrance upon personal property, a general debt will not authorize a proceeding to vacate it. There must be a bill of sale, or mortgage, or execution or attachment levy, or its equivalent, constituting a lien upon the specific chattel. The cases are all based upon the theory, that the party attacking the

fraudulent act must have an interest in, or lien upon, the specific property thus incumbered. This is an indispensable requisite. The assignee gains no additional rights over those possessed by the bankrupt, by a conveyance from him or by his authority. The bankrupt can transfer no lien upon the specific property, because he possessed none. The creditors can give to the assignee no such lien, for the same reason. Gibson v. Warden, 14 Wall. [81 U. S.] 248. As against the debtor himself, the mortgage was and is a good debt and a valid lien. Hale v. Sweet, 40 N. Y. 99; Smith v. Acker, 23 Wend. 653; Wescott v. Gunn, 4 Duer, 107. It is fraudulent as against the parties particularly named, viz., purchasers or mortgagees in good faith, or creditors who shall have obtained some specific lien upon the chattel mortgaged.

The non-existence of a judgment and execution in favor of Warner & Co. is a radical defect. It is not in the nature of a technical or formal objection, but one going to the essential merits of the case. The order appealed from must be affirmed.

[NOTE. The mortgaged property was subsequently sold by the assignee, and the mortgagee applied for a resale on the ground of inadequacy of price, which was granted upon payment of the expenses and costs of the sale. See Case No. 3,005.]