JOHN B. M. STEPHENS, as Receiver, etc., Appellant, *v.* MARY J. PERRINE et al., Respondents.

A failure to file a chattel mortgage, where there is no change of possession of the mortgaged property, renders it void as to then existing creditors of the mortgagor, and the mortgagee cannot thereafter acquire title to property by taking possession and selling the same under the mortgage and bidding it off on the sale, and this, although the mortgage was given in good faith to secure an actual indebtedness.

A receiver appointed in proceedings supplementary to execution may maintain an action against the mortgagee who has thus taken possession of and sold the mortgaged property, to recover the same or its value.

*It seems,* a *bona fide* transfer of the property by the mortgagor to the mortgagee, in payment of the mortgage debt, before a creditor has obtained judgment and execution or any lien upon the property, will give a good title to the mortgagee and so defeat the creditor's right to assail the mortgage.

*Karst* v. *Gane* (136 N. Y. 316); *Mandeville* v. *Avery* (124 id. 376); *Tremaine* v. *Mortimer* (128 id. 1); *Wheeler* v. *Lawson* (103 id. 40); *Kitchen* v. *Lowery* (127 id. 53), distinguished.

*Stephens* v. *Perrine* (69 Hun, 578), reversed.

(Argued November 1, 1894 ; decided November 27, 1894.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made June 23, 1893, which reversed a judgment in favor of plaintiff entered upon the report of a referee and granted a new trial.

This action was brought to set aside a chattel mortgage, and to recover the property covered by it or its value.

In February, 1892, the defendants Frank Aldrich and Charles W. Perrine composed the firm of Frank Aldrich and Co., and on the 25th of that month they gave a chattel mortgage on personal property owned by them, and then in their possession, to the defendant Mary J. Perrine, for the purpose of securing to her the payment of something over $2,000 then loaned by her to the firm. The mortgage was not filed until March 30th, 1892, on which day it was filed in the Monroe county clerk's office. The omission to file was intentional. The mortgaged property remained in the possession of the mortgagors until the 30th of March, 1892, when the mortgagee took possession of it under her mortgage, and, after advertisement, the property was sold, and the mortgagee became the purchaser as the highest bidder at the auction sale. The mortgage was made without any fraudulent intent on the part of the mortgagors, and it was received by the mortgagee to secure a valid indebtedness, and without any intent to defraud on her part.

Prior to and at the time of the execution of this mortgage the mortgagors were indebted to many other people, and among them to Redfield and Sons, and also to Hill Bros. & Co.

Subsequent to the date of the filing of the chattel mortgage, and the taking possession of the property by the mortgagee, the creditors above mentioned commenced separate actions against the mortgagors and recovered judgments therein subsequent to the sale of the mortgaged property by the mortgagee under her mortgage. Executions were issued upon these judgments and returned wholly unsatisfied, and the plaintiff was subsequently appointed receiver in proceedings supplementary to execution based upon such judgments. Before the commencement of this action the plaintiff demanded of the defendants the delivery to him of the property covered by the chattel mortgage or payment of the value thereof, which was refused. This action was thereupon commenced to set aside the mortgage and to recover the property or its value. Some claim was made on the part of the plaintiff that the mortgage was executed for the purpose of defrauding creditors, but the referee found against the plaintiff on that issue. He gave judgment for the plaintiff on the ground that the failure to file the mortgage or to deliver the possession of the property to the mortgagee at the time of the execution of the mortgage rendered it void as against the creditors represented by the plaintiff, and the referee further held that the plaintiff as a receiver in proceedings supplementary to execution could maintain this action. The General Term reversed this judgment and the plaintiff has appealed to this court.

*Albert H. Harris* for appellant. The chattel mortgage was void as against creditors for want of filing. (Laws of 1883, chap. 279, § 1; *Karst* v. *Gane*, 136 N. Y. 316; *Vreeland* v. *Pratt*, 42 N. Y. S. R. 583.) The plaintiff had the right to reach the avails of the property after Miss Perrine had sold it under her mortgage. (*Karst* v. *Gane*, 136 N. Y. 316; *Stimson* v. *Wrigley*, 86 id. 332; *Dutcher* v. *Southwood*, 15 Hun, 31; *Parshall* v. *Eggert*, 54 N. Y. 18; *Q. & N. B. B. Co.* v. *Hart*, 48 Hun, 393.) The plaintiff, as receiver in supplementary proceedings, can maintain this action. (*Mandeville* v. *Avery*, 124 N. Y. 385; *Porter* v. *Williams*, 9 id.

142; *Underwood* v. *Sutcliffe,* 77 id. 58; *Becker* v. *Torrance,* 31 id. 631; *Bostwick* v. *Menck,* 40 id. 383; *Wright* v. *Nostrand,* 94 id. 31; *Perkins* v. *Stimmel,* 114 id. 359; *Gillett* v. *Moody,* 3 id. 479; *Rodman* v. *Henry,* 17 id. 484; *Kennedy* v. *Thorpe,* 51 id. 174; *Osgood* v. *Laytin,* 48 Barb. 463; 5 Abb. Pr. [N. S.] 9; *Manley* v. *Rassiga,* 13 Hun, 288; *Teller* v. *Randall,* 40 Barb. 242; *Field* v. *Sands,* 8 Bosw. 685; *Parker* v. *Browning,* 8 Paige, 388; *Donnelly* v. *West,* 17 Hun, 564; *Rudd* v. *Robinson,* 54 id. 347; *Dunham* v. *Byrnes,* 36 Minn. 106; *Hamlin* v. *Wright,* 23 Wis. 492; *Barker* v. *Dayton,* 28 id. 367; *Olney* v. *Tanner,* 10 Fed. Rep. 101, 113; *Miller* v. *Makenzie,* 29 N. J. Eq. 292; *Whittlesey* v. *Delaney,* 73 N. Y. 571; *Atty.-Gen.* v. *Ins. Co.,* 77 id. 272; *Palen* v. *Bushnell,* 18 Abb. Pr. 301; High on Receivers, 454.)

*William B. Hale* for respondent. The plaintiff, being a receiver of the mortgagors in supplementary proceedings, cannot maintain an action to set aside a mortgage made by them on the ground that the mortgage was not filed. (*Steward* v. *Cole,* 43 Hun, 164; *N. C. N. Bank* v. *Lord,* 33 id. 557; Laws of 1883, chap. 279, § 1; *Becker* v. *Torrance,* 31 N. Y. 631; *Bostwick* v. *Menck,* 40 id. 383; *Wright* v. *Nostrand,* 94 id. 31; *Underwood* v. *Sutcliffe,* 77 id. 58.) No cause of action exists against the defendants. (*Thompson* v. *Van Vechten,* 27 N. Y. 568; *Button* v. *R., S. & Co.,* 126 id. 187; *Hale* v. *Sweet,* 40 id. 97; *Tremaine* v. *Mortimer,* 128 id. 1; *Kitchen* v. *Lowery,* 127 id. 53.)

PECKHAM, J. The single question argued here has been which of these parties upon the foregoing facts is entitled to judgment. At the threshold of an examination of the subject it may be stated that this mortgage was void as against those creditors who were such at the time it was executed, although at that time they had obtained no judgments in their favor and then stood in the condition of simple contract creditors.

The failure to file the mortgage, there being no change of

possession of the property mortgaged, rendered it void as against creditors then existing. (Laws of 1833, sec. 1, chap. 279; *Karst* v. *Gane*, 136 N. Y. 316.)

The Supreme Court has reversed the judgment for plaintiff upon the ground that although such mortgage was void even as to existing creditors, yet as the mortgagee filed her mortgage, and under it took possession of the property mortgaged and sold the same by virtue of it before the creditors represented by the plaintiff had obtained any lien on the property by judgment and execution or by some other legal process, the mortgagee had the right to hold such property or its proceeds against these creditors. The court stated that the creditors, in order to take advantage of this void mortgage by reason of a failure to file it, must not only acquire a lien upon the property by virtue of a levy or other legal process, but such lien must be had before the mortgagee has reduced the property to possession and sold it to satisfy his claim.

In this holding we are of the opinion the court below erred. The mortgage, as to the creditors of the mortgagor, was always void. It continued to be void notwithstanding the fact that the mortgagee assumed to take possession under and to sell the property by virtue of such void instrument. As between these mortgagors and creditors, it was the same as if the mortgage did not exist, and the mortgagee could not, as against these creditors, obtain any rights under it. How could a mortgagee in a void mortgage as against creditors obtain any title to property by virtue of such mortgage? As against them the mortgagee could not rightfully take the property by virtue of this void instrument, and if she did take it in spite of the fact that the mortgage was void and no protection to her, how could she secure any further or greater right by the sale of the property and the receipt of its value? This action is against the mortgagee, and I cannot see the force of the reasoning which, while admitting that the mortgage is void as to creditors, nevertheless asserts that a title to the property covered by it may be obtained by the mortgagee by proceedings taken under it and which assert the validity

of such instrument, provided they are taken before the creditors are armed with a judgment and execution so as to enforce their rights which rest upon the invalidity of the mortgage. If void, what right has the mortgagee, as against creditors, to take possession in her character of mortgagee and to sell or dispose of property described in it? Clearly she has none, and she does not acquire any by the celerity of her movements in seizing and selling property under it.

Although in order to themselves take the property it was necessary for the creditors to have some legal process, yet, when that condition was complied with, their right to take it as between these parties became perfect.

If, before any lien had been acquired by the creditors, the mortgagors had delivered the property to the mortgagee in payment of her debt, she could have then held it because it would have been in such a case a transfer of property by them in payment of their debt, and although it would have been in fact preferring such debt, yet it would have been a preference which the mortgagors then had the right to make.

But in this case there was nothing of the kind done. The mortgagee acted under and by virtue of her mortgage all the time. The mortgagors did not deliver the property to her in payment of her debt. She took it under the assumed right given by the mortgage.

The language of Ch. J. ANDREWS in *Karst* v. *Gane* (*supra*) gives no countenance to the claim made in this case. He there said: " The simple contract creditor runs the risk of having his remedy to assail the mortgage defeated ·y a *bona fide* transfer of the property by the mortgagor to  ıe mortgagee in payment of the mortgage before he ha obtained judgment and execution or any lien on the property." This statement is perfectly true, but is no justification for the claim that the mortgagee can herself defeat these creditors by taking possession of the property under a mortgage which as to them is non-existent.

The case of *Mandeville* v. *Avery* (124 N. Y. 376) is to this same effect. The court in that case speaks of the mortgage as

fraudulent, and that, therefore, all proceedings under it were void, and that as the mortgagee took possession of the property under such mortgage and caused the property to be sold under it, he could not hold the property or the proceeds of the sale thereof as against a pursuing creditor in regard to whom the mortgage was void. The defendants herein seek to distinguish that case from this, because the mortgage in the case cited was fraudulent, and, therefore, void, while in this case there was no fraudulent intent and the mortgage was only void because made so by statute. The two different causes which make the mortgages in these two cases void work no difference in the result which follows from their illegality. The material fact is that the mortgage is void in each of the two cases as against creditors, and the result which flows from that fact, no matter which of the two causes may be the ground of invalidity, is that the mortgagee can acquire no right as against the creditors of the mortgagor based upon the enforcement of her mortgage by taking possession of and selling the property under it.

In *Tremaine* v. *Mortimer* (128 N. Y. 1) the same principle is maintained, and Judge EARL, in the course of his opinion, says, in substance, that the mortgagor in a mortgage which has not been filed may, as between himself and his creditors, treat the mortgage as if it did not exist, and before the creditors obtain a lien on the property he may deal with it in any honest way; he may sell it or assign and transfer it and give an absolute title, or he may deliver the property to the mortgagee in payment of his debt. There is no hint, however, either in the facts of that case or in the opinion of the court that the mortgagee in such a mortgage can enforce it as against creditors if only he succeed in obtaining possession of and selling the property under it before the creditors obtain their lien. The counsel for respondents has also cited the two cases of *Wheeler* v. *Lawson* (103 N. Y. 40) and *Kitchen* v. *Lowery* (127 id. 53) as authority for his argument.

We have carefully read those cases and we think neither applies here. It will be seen, upon a perusal of the facts,

that it was the act of the mortgagor, by his general assignment in each of the cases made subsequent to the making of the mortgage, which transferred the title and caused the decisions in those cases. There is nothing in either of them that I can see which affords any foundation for the claim that the mortgagee can obtain any superior right over creditors by taking possession of and selling the property under the void mortgage.

If we are right in this view of the case the defendant nevertheless claims that the plaintiff, as receiver in proceedings supplementary to execution, cannot maintain this action. We think he can. (*Porter* v. *Williams*, 9 N. Y. 142; *Mandeville* v. *Avery*, 124 id. 376, and cases cited.)

It has been decided by this court that such a receiver can maintain an action of this nature where the assignment or mortgage is void on the ground that it was executed for the purpose of defrauding creditors, and we think the same principle reaches the case where the mortgage is void because it was not filed and there was no change of possession. (Cases above cited.) We see no distinction between the two cases so far as this question is concerned. The mortgage, as already stated, is equally void in both cases, and a receiver in supplementary proceedings represents the creditors, or, in other words, is trustee for them just as much when the mortgage is void on the ground of the failure to file it as when it is void because executed with a fraudulent purpose. The case of *Underwood* v. *Sutcliffe* (77 N. Y. 58) has, plainly, no bearing upon this point.

We think the defendants failed to make out any defense to this action, and, therefore, the order of the Supreme Court should be reversed and the judgment entered upon the report of the referee affirmed, with costs in all courts to the plaintiff.

All concur.

Judgment accordingly.