### SHELDON v. WICKHAM et al.

(Supreme Court, Appellate Division, Third Department.   March 2, 1898.)

CHATTEL MORTGAGE—FILING.

A mortgage given on a factory, and the machinery therein, is a chattel mortgage as to said machinery, and, unless filed as such, is void as to creditors of the mortgagor.

Putnam and Merwin, JJ., dissenting.

Appeal from judgment on report of referee.

Action by Edwin B. Sheldon against Richard Wickham and another, as assignee for benefit of creditors, to foreclose a mortgage on a factory and the machinery therein. Judgment for defendants. Plaintiff appeals. Affirmed.

This action was brought to foreclose a mortgage executed on the 15th day of April, 1891. The mortgagor, Richard Wickham, had, in 1875 or 1876, erected for one Arnold a building in the city of Albany, and immediately thereafter occupied the same as a carpenter shop, as the tenant of the owner, and continued such tenancy until the time of the execution of said mortgage. While thus the occupant of said building as tenant, Mr. Wickham placed therein certain machinery, which is the subject of the controversy in this action. He testified on the trial that "it was part of the arrangement under which I built it that if Mr. Arnold decided to make it into a shop, that it would be occupied by me. There was some arrangement with Mr. Arnold that I should ultimately purchase it. In putting the machinery into the building I had in view the possibility of my permanently occupying it as a carpenter and building shop; and I expected that, as soon as I occupied that building, to habitually use that machinery, and make a profit out of the use of it." In February, 1891, Mr. Wickham applied to Eugene M. Jerome, the agent of the plaintiff, for a loan of $12,000 to enable him to purchase the mortgaged premises from the Arnold estate, and, after negotiations, the mortgage sought to be foreclosed was executed to secure a loan of $12,000 made by the plaintiff. Mr. Wickham testified as follows in reference to such loan: "At the time I gave this mortgage I had an arrangement with the executors of Mr. Arnold to purchase that property. This mortgage to Mr. Sheldon was a purchase-money mortgage. Sheldon advanced the money, that I could purchase the property from the Arnold estate. It was then my intention when I gave this mortgage to continue in business on this real estate, and to use my machinery in connection with the business, and to make a profit out of the real estate and machinery, and I expected to habitually use that machinery in connection with the real estate for the benefit of my business." The mortgage in question, under the description of the real estate, contained the following clause: "Together with the buildings, machinery, and all other fixtures thereon." About the same time, but subsequent to this loan, Mr. Wickham made a further loan of the plaintiff of $4,000, secured by a chattel mortgage which has since been paid. This mortgage covered the same machinery which is the subject of the controversy in this action and other personal property. At the end of Schedule A of said mortgage, which contained a list of such machinery, was the following clause:   "The aforesaid buildings and machinery being included in this chattel mortgage, subject expressly to all the right of the said Edwin B. Sheldon, under a real-estate mortgage covering the said premises, and the buildings, machinery, and fixtures thereon, it being intended to hereby include all property not passing under the aforesaid real-estate mortgage." The plaintiff in this action alleged and claimed that the said articles of machinery, at the time of the execution of such mortgage for $12,000, were intended to be, and were, made fixtures and a part of the realty, and included in and conveyed by said mortgage. The respondent William J. Hillis, as assignee in trust for the creditors of said Richard Wickham, denied said allegation. The referee, to whom the issues in the action were referred, found:   "(1) That the title to the articles set forth in finding No. 8 of fact [being the machinery in question] passed to the defendant William H.

Hillis, as the assignee for the benefit of the creditors of said Richard Wickham, and that they did not become a part of the realty under said mortgage. (2) That the other machinery—boiler, engine, shafting, gearing, belts, and piping—did become a part of said realty, and, with the buildings and other fixtures, are covered by said mortgage to the said plaintiff." From that part of the judgment entered on such report having reference to said machinery, the plaintiff has appealed to this court.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Montignani, Mallory & Elmendorf (George H. Mallory, of counsel), for appellant.

McCall & Dyer (Zeb A. Dyer, of counsel), for respondents.

LANDON, J. I think, under Stephens v. Perrine, 143 N. Y. 476, 39 N. E. 11, we must hold that, as the plaintiff did not file his mortgage, it was void as to creditors, to the same extent as if it was nonexistent. The mortgagor could therefore assign or transfer the property to satisfy his existing bona fide creditors. He did that by assigning to Hillis for their benefit. Whatever rights the creditors had, Hillis has, and the only obstacle to his title is a void or nonexistent mortgage; therefore none at all. If we say that the mortgagor could not assign except subject to the plaintiff's rights, that does not help the plaintiff, because he had none against the creditors. Hence plaintiff's mortgage is invalid as to personal property, and the judgment should be affirmed.

HERRICK, J., concurs. PARKER, P. J., concurs in the result.

PUTNAM, J. (dissenting). Irrespective of the question whether the articles of machinery which are the subject of the controversy in this action were, at the time of the execution of the mortgage, fixtures, and thus a part of the realty or personal property, we see no reason to doubt that by the terms of the mortgage they were conveyed to the mortgagee as security for the loan then made for $12,000. The machinery was attached to and on the real estate described in said mortgage, and after such description of the real estate mortgaged was the clause, "together with the buildings, machinery, and all other fixtures thereon." This language had the effect, not only of conveying the real estate, but also the machinery thereon, the property in question, whether deemed fixtures and a part of the realty or personal property. If it were otherwise, however, under well-settled doctrines, we are authorized to refer to extrinsic evidence to show what property was intended to be and was mortgaged. "Parol proof of extrinsic circumstances may be given to apply a description to its subject-matter." Mansfield v. Railroad Co., 102 N. Y. 205, 215, 6 N. E. 386; Richardson v. Insurance Co., 47 N. Y. Super. Ct. 138, 154. If the language of the mortgage leaves it uncertain whether the property in question was conveyed thereby, the extrinsic circumstances shown remove all doubt in that regard. Eugene M. Jerome, the plaintiff's agent who conducted the negotiation with Mr. Wickham, testified:

"Mr. Wickham offered as security for the $12,000 the entire property and machinery equipment that he showed me in the building. We examined carefully the boiler, lathes, and pulleys, not only fixed, but floating around the shop. Mr. Wickham desired I should go and cable Mr. Sheldon just what his mortgage covered. I remember the machinery that he showed me. I saw a lathe downstairs; pipes for steam heating. Everything in 922 to 926 was to be at Mr. Sheldon's disposal for the $12,000 loan." "Q. What did Mr. Wickham say as to what would be covered by the real-estate mortgage now in question? A. I cannot recall Mr. Wickham's exact words, but I can recall his pointing out the machinery, boilers, traps, and the whole business as what he wanted to offer Mr. Sheldon for the loan. Immediately after this the papers were executed."

This testimony is not contradicted, and clearly shows the intent of the parties to the property covered by the mortgage. The facts proved in the case indicate such an intent. Mr. Wickham, at the time of the transaction, estimated the value of the shop at $11,000. It cannot be supposed that the plaintiff would make a loan of $12,-000 on property estimated by the mortgagor to be of the value of $11,000. The statement at the end of Schedule A of the chattel mortgage, that it was given "subject expressly to all the right of the said Edwin B. Sheldon under a real-estate mortgage conveying the said premises, and the buildings, machinery, and fixtures thereon," shows the intent of the parties in executing the mortgage in question, and that the property in question was covered thereby. I conclude, therefore, that, whether the said articles of machinery were fixtures or personal property, they were included in the property mortgaged to the plaintiff as security for the said loan of $12,000. Hence the plaintiff is entitled to hold the property in question as a security for his mortgage debt, unless the position taken by the respondent that the mortgage, being unfiled, as a chattel mortgage, is void as to the assignee in trust of the mortgagor as far as it conveys said articles of machinery, they not being fixtures, can be sustained. The question thus raised by the respondent has not been authoritatively settled. See remarks of Earl, J., in Tremaine v. Mortimer, 128 N. Y. 1–9, 27 N. E. 1060. In Reynolds v. Ellis, 103 N. Y. 115, 8 N. E. 392, an action by an assignee in trust for creditors was maintained on the ground that the mortgage in question in that case allowed the mortgagor to retain in his hands and sell the mortgaged property. The question under consideration was not passed upon. In Stephens v. Perrine, 143 N. Y. 476, 39 N. E. 11, an action was sustained against a mortgagee who had taken possession of personal property under an unfiled chattel mortgage. The action, however, was brought by a receiver appointed in supplementary proceedings. As such, he represented a judgment creditor, and could attack the validity of an unfiled chattel mortgage as the creditor who procured his appointment could have done. The case of Van Heusen v. Radcliff, 17 N. Y. 580, holding that an assignee in trust for creditors cannot impeach a mortgage of chattels for want of registry, was brought prior to the passage of chapter 314, Laws 1858, and hence does not apply. It has been held, however, in the supreme court of this state, in several cases, that an assignee in trust for creditors cannot take advantage of an omission to file a chattel mortgage given by his assignor. The doctrine in that re-

gard is stated by Rumsey, J., in Ball v. Slafter, 26 Hun, 353, 354, as follows:

"By Laws 1858, c. 314, an assignee for the benefit of creditors may, for their benefit, treat as void any transfer made in fraud of the rights of creditors. 4 Edm. St. at Large, p. 483. Under this statute an assignee for the benefit of creditors has the same right to defend against a transfer which is fraudulent as to creditors as has a creditor who has acquired a specific lien. Southard v. Benner, 72 N. Y. 424. The right given by that statute to invalidate a transfer of property extends only to defects based upon fraud or fraudulent intent. Matter of Collins, 12 Blatchf. 548, Fed. Cas. No. 3,007; Southard v. Benner, 72 N. Y. 424, 428. Hence the defendant cannot take advantage of the failure to file the mortgage, for the statute does not say that such failure makes the mortgage fraudulent as to creditors, but simply that as to them it shall be void."

To the same effect, see Dorthy v. Servis, 46 Hun, 628; Bank v. Lord, 33 Hun, 557–564; Crisfield v. Bogardus, 18 Abb. N. C. 334; and see Southard v. Benner, 72 N. Y. 424–428.

Considering the mortgage in question as far as it affects the machinery a mortgage of chattels, under the authorities last cited I reach the conclusion, although with some doubt, that the respondent, as an assignee in trust of Richard Wickham, the mortgagor, could not take advantage of the omission of the mortgagee to file it as a chattel mortgage, and that hence the plaintiff is entitled to hold the property in question under his mortgage.

The conclusion thus arrived at renders it unnecessary to determine whether the property in question, as between the plaintiff and the respondent, should be deemed fixtures or otherwise. It is held in McRea v. Bank, 66 N. Y. 489, that:

"The criterion of a fixture is the union of these three requisites: First, actual annexation to the realty or something appurtenant thereto; second, application to the use or purpose to which that part of the realty to which it is connected is appropriated; third, the intention of the party making the annexation to make a permanent accession to the freehold."

The purpose of the annexation, and the intent with which it was made, are important considerations, but it is not important when the intent was formed; whether the party owning the property places the chattels thereon, and forms the intent at that time, or whether he puts articles of machinery in a building occupied by him as a tenant, and, after purchasing the building, then forms the intent that such articles shall become fixtures. It is suggested by the learned referee that the articles of machinery in question were placed in the mortgaged premises by Richard Wickham while a tenant, and therefore, when thus placed, they did not become fixtures; that up to the time of the giving of the mortgage they remained personal property; and that there was no sufficient evidence of any intent on the part of the mortgagor afterwards to change the character of the machines from chattels to fixtures. But the machinery was attached to the building by lag screws. The building had been used by the mortgagor as a shop for about 15 years. Mr. Wickham testified that, when he purchased the property, "it was then my intention, when I gave the mortgage, to continue in business on this real estate, and to use my machinery in connection with the business, and to make a profit out of the real estate and ma-

chinery, and I expected to habitually use that machinery in connection with the real estate for the benefit of my business." Here, then, was a case of machinery attached to a building applicable to the purpose to which the building had been applied for 15 years, and evidence of an intent of the mortgagor to continue habitually to use the machinery in connection with the building. It must be conceded that the testimony of Mr. Wickham, above quoted,—the giving of the mortgage containing the clause, "together with the buildings, machinery, and all other fixtures thereon,"—and the other facts in the case, affords some evidence of an intent on the part of the mortgagor at the time he purchased the premises, and gave the mortgage to make the machinery in question a permanent accession to the freehold. See Bigler v. Bank, 26 Hun, 520; Id., 97 N. Y. 630; Hathaway v. Insurance Co. (Sup.) 11 N. Y. Supp. 413; Potter v. Cromwell, 40 N. Y. 287. Without passing, however, on the question last discussed, and for the reasons first above stated, I am of opinion that the judgment should be reversed, the referee discharged, and a new trial granted, costs to abide the event.

MERWIN, J., concurs.