(26 Misc. Rep. 702.)

HARRIS v. BATJER et al.

(Supreme Court, Appellate Term.　March 24, 1899.)

CHATTEL MORTGAGE—ATTACK BY ASSIGNEE FOR CREDITORS.

Under Laws. 1858, c. 314, as amended by Laws 1894, c. 740, declaring that an assignee may, for the benefit of the creditors, treat as void any transfers in fraud of the right of creditors, and Laws 1897, c. 418, § 90, declaring a chattel mortgage unaccompanied by change of possession of the chattels "absolutely void, as against the creditors of the mortgagor," unless the mortgage is filed, he may attack such a mortgage of the assignor.

Appeal from municipal court, borough of Manhattan, First district.

Action by Clinton S. Harris, assignee for the benefit of the creditors of John W. O'Connell, against Henry Batjer and others. From a judgment for plaintiff, defendants appeal.　Affirmed.

Argued before BEEKMAN, P. J., and GIEGERICH and GILDERSLEEVE, JJ.

Charles G. F. Wahle, for appellants.
Gwillim & Meyers, for respondent.

BEEKMAN, P. J.　On April 30, 1898, one O'Connell executed and delivered to the defendants a chattel mortgage upon certain property, retaining, as is usual, possession of the chattels.　On the 23d day of May following he made a general assignment for the benefit of creditors to the plaintiff, which was duly filed on the same day, and the assignee immediately took possession of the assigned estate, including the chattels in question.　On the following day the defendants filed their chattel mortgage for the first time, and, against the protest of the assignee, took possession of the mortgaged property, and caused it to be sold under the mortgage; whereupon this action was brought to recover its value, on the ground of conversion, resulting in a judgment against the defendants, from which they have appealed to this court.

The mortgage was concededly void as against the creditors of O'Connell, because of the failure to file it in proper time, and the only question presented for review is whether an assignee for the benefit of creditors can take advantage of the fact.　The statutory provision is familiar which declares that, where the mortgage is not accompanied by an immediate delivery of the chattels, followed by an actual and continued change of possession, it is "absolutely void as against the creditors of the mortgagor," unless the mortgage, or a true copy thereof, is filed as therein directed.　Laws 1897, c. 418, § 90.　It has been repeatedly declared by the courts that the word "creditors," as thus used, is to be taken in its most comprehensive sense.　Southard v. Benner, 72 N. Y. 424; Karst v. Gane, 136 N. Y. 316, 323, 32 N. E. 1073.　It is true that, where the individual creditor intends to pursue the mortgaged property, he must, as a rule, reduce his claim to judgment, and, by subsequent proceedings thereunder, acquire a lien upon such property, before his right to disregard the mortgage, under the statute, becomes of any practical

value. But the right is not conditioned upon the pursuit of any particular remedy for its enforcement. It always existed potentially, but became operative to his advantage only when the creditor, having, as such, acquired an interest in, or lien upon, the property, was confronted with the mortgage as an obstacle to the satisfaction of his debt out of it. Because as to him the mortgage was always nonexistent, by statute, he could deal with the property, when it came within his grasp, without reference to it. The essence of the thing, then, is the acquisition of such an interest in the property as to entitle the creditor to its appropriation for the discharge of his debt, through methods not, necessarily or on principle, confined to the reduction of his claim to judgment and a levy under an execution.

But, in the case of a general assignment for the benefit of creditors, is there not such a distinct and specific appropriation of the property which passes under it to the discharge of the assignor's debts? Such an assignee, as Judge Danforth observed in the case of Wheeler v. Lawson, 103 N. Y. 40, 8 N. E. 360, is "not a mere representative of the debtor, but of the rights of creditors, and may impeach the assignor's conveyances, although the debtor could not do so. Laws 1858, c. 314." It is true that the assignee derives his title to the assigned estate through the voluntary act of the insolvent, and by his deed, and not through the intervention of the court, by the employment of its process or through its receiver. But why, in reason, should the difference in method call for a distinction in principle? In both cases the same purpose is sought to be accomplished, and one which the law favors, namely, the application, as far as may be, of an insolvent estate to the discharge of the insolvent's debts. Indeed, except in the first instance, the action of the court is in both cases constantly and necessarily invoked in the administration of the estate and its final distribution; and in both cases, whether the functionary be a receiver or an assignee, he represents the creditors, and, although deriving title through the insolvent, may, in their interests, attack transfers previously made by the latter in fraud of their rights. The power to do this, in part at least, exists by virtue of chapter 314 of the Laws of 1858, as amended by chapter 740 of the Laws of 1894, which provides "that any executor, administrator, receiver, assignee or trustee of an estate or the property and effects of an insolvent estate, corporation, association, partnership or individual, may for the benefit of creditors or others interested in the estate or property so held in trust, disaffirm, treat as void and resist all acts done, transfers and agreements made, in fraud of the rights of any creditor, including themselves and others, interested in any estate or property held by or of right belonging to any such trustee or estate." The result of this legislation was to give to receivers and assignees for the benefit of creditors rights which the insolvent himself did not possess, but which the creditors might have individually exercised,—a broadening of power which is logically, and, indeed, in terms, founded upon the existing right of the creditors themselves to attack that which was fraudulent as against them. The exclusive appropriation of the property affected by the fraudulent transfer for the payment of the claims of creditors is thus

accomplished through the devolution of their rights in that regard upon their trustee. No question can be made as to the right of an assignee to attack any such transfer where actual fraud can be shown, but it is contended that this is as far as the act of 1858 goes; and the argument is that, as the mere nonfiling of a chattel mortgage, unaccompanied by evidence of an associated purpose to defraud, is not fraudulent in fact, it does not, therefore, come within the purview of the statute.

The question is one which has received considerable discussion, where the rights of receivers are concerned, and the authorities bearing upon the point have been reviewed at some length by the writer in the case of Trust Co. v. Baker, 20 Misc. Rep. 387, 46 N. Y. Supp. 266. The case of Stephens v. Perrine, 143 N. Y. 476, 39 N. E. 11, is quite in point. There the plaintiff, a receiver appointed in proceedings supplementary to execution, brought an action to set aside a chattel mortgage, and to recover the property covered by it or its value, the mortgagee having omitted to file the mortgage. The question was raised as to the right of the receiver to maintain such an action. At page 483, 143 N. Y., and page 13, 39 N. E., of the report, Judge Peckham, who delivered the opinion of the court, says:

"It has been decided by this court that such a receiver can maintain an action of this nature where the assignment or mortgage is void on the ground that it was executed for the purpose of defrauding creditors, and we think the same principle reaches the case where the mortgage is void because it was not filed and there was no change of possession. Cases above cited. We see no distinction between the two cases, so far as this question is concerned. The mortgage, as already stated, is equally void in both cases, and a receiver in supplementary proceedings represents the creditors, or, in other words, is trustee for them, just as much when the mortgage is void on the ground of the failure to file it as when it is void because executed with a fraudulent purpose. The case of Underwood v. Sutcliffe, 77 N. Y. 58, has, plainly, no bearing upon this point."

In the case of Stephens v. Meriden Britannia Co., 13 App. Div. 268, 43 N. Y. Supp. 226, the plaintiff, who was also a receiver appointed in proceedings supplementary to execution, sued for damages for the conversion of certain chattels by the chattel mortgagee, whose mortgage had not been filed. It was held that the action was properly maintainable. The opinion of the court was given by Mr. Justice Rumsey, who, after quoting chapter 314, Laws 1858, §§ 1, 2, as a source of the receiver's authority, says (page 272, 13 App. Div., and page 229, 43 N. Y. Supp.): "A mortgage which is void as against creditors, for failure to file, is fraudulent under this action, precisely as though it was made in fraud of creditors."

If, then, as it seems to be, the receiver may attack the mortgage on this ground, why should not the same right exist in an assignee for the benefit of creditors? Undoubtedly, the latter comes within the very terms of the statute itself, and the construction which the act of 1858 has received, where the party in interest is a receiver, must equally apply where such an assignee is concerned. Whether the insolvent estate has passed into the hands of a receiver or an assignee, the right of the creditors to attack the chattel mortgage by individual action is substantially gone by reason of the transfer,

—in one case by operation of law, and in the other case by voluntary deed. Spring v. Short, 90 N. Y. 538, 544; Wheeler v. Lawson, 103 N. Y. 40, 8 N. E. 360. The receiver becomes, then, the asserter of their rights in that regard for the benefit of all. On what principle can a distinction be reasonably maintained which would deprive an assignee, equally a trustee for their benefit, and equally privileged to attack transfers made by the insolvent, of the right to do the same thing? I am sensible of certain distinctions between a receiver and an assignee, to which the cases allude, resting upon the difference in the origin of their rights; but, with all that, the analogy in other respects between them is so striking that reason and justice seem to call for a similarity of power and right with respect to the particular matter under discussion.

The most recent case which I have been able to find, bearing directly in this connection upon the particular case of an assignee for the benefit of creditors, is Sheldon v. Wickham, 27 App. Div. 628, 50 N. Y. Supp. 314. There an action was brought to foreclose a mortgage which covered certain real estate, and also machinery and other equipments adapted to its use for factory purposes. It was never filed as a chattel mortgage. Subsequently the mortgagor made an assignment for the benefit of creditors, and the latter, having been made a party defendant to the suit, litigated the question as to the validity of the mortgage, so far as the chattels were concerned, by reason of its nonfiling. There was some dispute, also, as to whether the alleged chattels were or were not fixtures, and therefore a part of the realty. The trial court rendered judgment in favor of the assignee, which was affirmed on the appeal. The court divided on the question; Landon, J., writing for affirmance, Herrick, J., concurring, and Presiding Justice Parker concurring in the result. A dissenting opinion was read by Putnam, J., which was concurred in by Justice Merwin. An examination of these opinions shows that the only substantial question involved in the appeal was whether, assuming the mortgage to be a chattel mortgage, the assignee could resist its enforcement on the ground that it was void for nonfiling. The opinion of Justice Landon is clear and emphatic in the support of this right, and it was concurred in by Justice Herrick. The dissenting opinion of Justice Putnam, concurred in by Justice Merwin, is, in terms, based upon the negation of such right, although the writer states that he has reached this conclusion with some doubt. The value of the decision is somewhat impaired by the fact that the concurrence of the presiding justice, which led to the affirmance of the judgment, is in the result only, although it is difficult to see on what other ground his vote could have been given than that the assignee had the right to assail the mortgage on the ground above stated. Still, the case may properly be considered as an authority in support of the position for which I have contended. For the reasons above stated, I am of the opinion that the case at bar was rightly decided by the trial justice, and that the judgment should be affirmed.

Judgment affirmed, with costs. All concur.