(32 Misc. Rep. 642.)

DUNHAM v. SILBERSTEIN et al.

(City Court of New York, General Term.   October 29, 1900.)

UNRECORDED CHATTEL MORTGAGE—VALIDITY AS AGAINST JUDGMENT CREDITORS.
      A chattel mortgage which was not recorded until after the property
      had been seized by a judgment creditor under execution was void as to
      such creditor, though he had notice of the existence of the mortgage.

Appeal from trial term.

Action by David B. Dunham against David Silberstein and another. From a judgment in favor of plaintiff, and from an order denying a new trial, defendants appeal. Reversed.

Argued before CONLAN and HASCALL, JJ.

Joseph Rosenzweig, for appellants.
David M. Neuberger, for respondent.

HASCALL, J. This appeal involves the main question as to whether a chattel mortgage not filed until after issue of execution against the mortgagor is still valid against the creditor, he having had actual notice of its existence prior to the time of entry of his judgment. We think the law upon this point is established that, as to a purchaser having knowledge of the mortgage lien, even though the instrument be not filed, he is bound, but as to the judgment creditor such mortgage is actually void, notwithstanding he may have had notice of its existence brought home to him. Stephens v. Perrine, 143 N. Y. 476, 39 N. E. 11. We write upon this same subject in another case at this present term, presenting the like proposition. McDonald v. Surety Co., 66 N. Y. Supp. 475. And see, also, Hale v. Sweet, 40 N. Y. 99. The facts before us, shown by the record, would call for reversal on other grounds discussed by counsel, concerning testimony admitted over objection and exception; but, since

the main question is resolved in favor of appellants, such grounds need not be further considered.

Judgment and order appealed from must be reversed, and new trial ordered, with costs to appellant to abide the event.

CONLAN, J., concurs.