(32 Misc. Rep. 644.)

### McDONALD v. CITY TRUST, SAFE–DEPOSIT & SURETY CO.

(City Court of New York, General Term.   October 29, 1900.)

1. CHATTEL MORTGAGE—VALIDITY.
    A chattel mortgage describing the property as 10 carriage horses, in mortgagor's possession in a stable in a certain street, does not sufficiently describe the property to prevent confusion.
2. SAME—FAILURE TO RECORD.
    Under Laws 1833, c. 279, and Laws 1897, c. 418, a chattel mortgage is invalid as to creditors,—even those with knowledge,—if not filed.

Appeal from trial term.

Action by Patrick McDonald against the City Trust, Safe-Deposit & Surety Company.   From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals.   Reversed.

Argued before CONLAN and HASCALL, JJ.

Dayton & Swift, for appellant.

David M. Neuberger, for respondent.

HASCALL, J.   In this case plaintiff had the usual verdict in replevin, awarding possession of certain personal property, fixing the value at $500, and assessing damages for detention at 6 cents.   The basis of the action was a memorandum writing in these words:

"To secure the payment of a note of $200 given this day to Patrick McDonald, payable on demand, I hereby sell and assign ten of my carriage horses, now in my possession in my stable, 163 and 165 West 132d St.   The use of said horses I am to have and enjoy until I fail to pay the note, upon three days' notice or grace of payment.                    John F. Cammann."

A subsequent judgment against Cammann in favor of one Harlam resulted in a levy by the sheriff under execution upon the horses, their claim by this plaintiff, a bond of indemnity to the sheriff to prevent delivery, a suit against the sheriff, and subsequent substitution of the indemnitor, this defendant, in the sheriff's stead.

The proofs upon the trial were insufficient to sustain the verdict.

The cause was tried upon the theory that the paper above set out was a chattel mortgage, or amounted to such as between the parties. It was not such as against a creditor. It was not filed. It did not sufficiently describe the property to prevent confusion. It was not accompanied by change of possession, and might, if upheld as to form, enable the parties, by collusion, to defeat any bona fide creditor from securing a lien to which he would otherwise be entitled. Even if it be contended that the paper was valid as to form, it became absolutely void as to creditors,—even those with knowledge,—because it was not filed. Laws 1833, c. 279; Laws 1897, c. 418; Stephens v. Perrine, 143 N. Y. 476, 39 N. E. 11. Since these views, if correct, do not necessitate further examination or discussion of points urged upon the argument, no extension of opinion need be pursued.

Judgment and order appealed from should be reversed, and a new trial ordered, with costs to appellant to abide the event.

CONLAN, J., concurs.

