(59 App. Div. 45.)

## HOLTON v. ROBINSON.

(Supreme Court, Appellate Division, Second Department. March 8, 1901.)

1 EXECUTION—SUPPLEMENTARY PROCEEDINGS—COSTS.

A reasonable allowance to a receiver, appointed in supplementary proceedings against a judgment debtor, for his services in a suit to set aside a fraudulent transfer of property, is permissible under Code Civ. Proc. § 3320, which gives the court discretionary power to allow a receiver a sum not exceeding $100 for services rendered in lieu of commissions, when they do not amount to that sum.

2. SAME—FILING OF RECEIVER'S APPOINTMENT—PAYMENT OF JUDGMENT—OPERATION.

A judgment debtor, against whom suit has been brought by a receiver in supplementary proceedings to set aside a fraudulent transfer of property, cannot devest the court of its jurisdiction to order the payment of an allowance to the receiver and other costs of the proceedings by paying the judgment to the sheriff before an error on the part of the receiver in filing the order appointing him in a wrong county is corrected.

**3. SAME—PROPERTY FRAUDULENTLY TRANSFERRED—LIABILITY FOR COSTS.**

Title to personal property transferred by a judgment debtor in fraud of his creditors becomes vested in a receiver appointed in supplementary proceedings on the filing of the order appointing him in the county where the judgment is docketed and a certified copy of the order in the county where the debtor resides, as required by Code Civ. Proc. §§ 2467, 2468, and such property is chargeable with the costs of the proceedings, though the judgment is paid before such order is properly filed.

**4. SAME.**

Where title to personal property transferred by a judgment debtor in fraud of creditors has become vested in a receiver in supplementary proceedings, and the judgment is paid, the court can require the debtor to turn over enough property to the receiver to pay the costs of the proceedings, unless such costs are paid.

**5. SAME—CONTEMPT.**

A judgment debtor who refuses to pay costs of supplementary proceedings can be punished for contempt, under Code Civ. Proc. § 2268, authorizing courts to commit parties who refuse to obey an order requiring payment of costs.

Appeal from special term, Westchester county.

Supplementary proceedings by Ernest H. Holton against Benjamin Robinson. From an order adjudging defendant guilty of contempt for disobeying an order directing him to pay the costs of the proceedings, he appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Richard V. Boyd, for appellant.

J. F. Harrison, for respondent.

WOODWARD, J. Ernest H. Holton recovered a judgment against the defendant in January, 1899, in an action brought in the supreme court, and the judgment roll was filed in the office of the clerk of New York county. The judgment debtor was examined on February 13, 1899, and no property was discovered. On the 29th day of December, 1899, an order was made appointing a receiver of the property of the judgment debtor, and directing that the plaintiff recover $30 costs of the proceedings, $10 costs of the motion, and $27.50 disbursements out of the funds that came into the hands of the receiver. The receiver so appointed filed such order in the office of the clerk of the county of Westchester, and began an action to set aside a transfer of personal property by the judgment debtor to his sister, on the ground that such transfer was fraudulent as against creditors. The defendant Robinson did not appear in the said action, but made default; the defendant Boyd, his sister, only appearing and answering by a general denial, by her husband as attorney. On the action coming on for trial, the attention of the court was called to the fact that both of the defendants had been subpœnaed as witnesses, and that neither of them was present, whereupon the court held them to be in default. To relieve such default, Mr. Boyd, in open court, made the admission, in behalf of the defendant Elizabeth J. Boyd, "that there has been no change of the possession of the property described in the bill of sale since the delivery of the bill of sale to her, and that the property has remained in the possession of the defendant Robinson, and that the business has been conducted as before under the name of Benjamin

Robinson,"—thus raising a presumption of fraud as against the creditors of Robinson (2 Rev. St. [9th Ed.] 1886, § 5), which there has been no evidence to overcome. Thereafter the point was raised that, to vest title in the receiver, his order of appointment should have been filed and recorded in the office of the clerk of the county of New York, where the judgment roll in the action had been filed; and the court, taking this view of the question, dismissed the complaint. Immediately after the dismissal of the action the attorney for the judgment creditor, who also acted as attorney for the receiver, issued a second execution to the sheriff of the county of Westchester, to whom the judgment, amounting to $415.51, was paid in full. Subsequent to the dismissal of the complaint in the action to set aside the transfer of property to defendant's sister, the order appointing the receiver was filed and recorded in the county of New York, where the judgment roll was filed, and a copy of the order was served upon the defendant personally, together with a written demand for the possession of the property of the defendant, or enough thereof to pay the costs and disbursements, aggregating $67.50, which demand the defendant refused. On October 11, 1900, the receiver applied to the court for an order fixing the amount of his fees, and directing the payment to him by the judgment debtor of the said amount, and the costs, etc., awarded to the judgment creditor, or the delivery to him of the personal property of the defendant as to which the fraudulent transfer had been made. This application was granted, resulting in the order of October 20, 1900, directing the defendant to pay to the receiver $50 in fees, $67.50 costs awarded the judgment creditor in supplementary proceedings, and $10 costs of motion, making an aggregate of $127.50, or to deliver the said property, or so much thereof as should be necessary to make the payment. The judgment debtor failed to obey this order within the time mentioned, and on the 17th day of November, 1900, an order punishing the defendant for contempt issued out of the court. The appeal is from these two orders.

The appellant, who, in common with the respondent, appears to have overlooked the amendment to section 3320 of the Code of Civil Procedure, which went into effect on the 1st day of September, 1899, urges that the allowance of $50 to the receiver was unauthorized and erroneous. It will appear, however, from a perusal of the Code as it stands today (assuming, of course, that the legislature has not exercised its prerogative of making changes), that the court has a discretionary power to award a sum not exceeding $100 to a receiver under the circumstances existing in the matter now before us; and this point is therefore without force.

The appellant also urges that the petitioner was never in fact receiver, because his appointment as receiver did not become complete until after the payment of the judgment in full to the sheriff; that the appointment of the receiver in the order of December 29, 1899, did not become complete until the filing and recording of the order in the office of the county clerk of the county wherein the judgment roll in the action was filed, and until he qualified and filed a proper bond. It is true that section 2467 of the Code of Civil Procedure, to which our attention is directed, provides that "an order appointing a re-

ceiver, or extending a receivership, must be filed in the office of the clerk of the county wherein the judgment roll in the action is filed." But this provision is to be read and construed in connection with other sections of the Code. Section 2468 provides that "the property of the judgment debtor is vested in a receiver, who has duly qualified, from the time of filing the order appointing him, or extending his receivership, as the case may be," subject to the exception (subdivision 2) that "where the judgment debtor, at the time when the order is filed, resides in another county of the state, his personal property is vested in the receiver only from the time when a copy of the order, certified by the clerk in whose office it is recorded, is filed with the clerk of the county where he resides." It is conceded that, at the time of bringing the action to set aside the transfer of the defendant's personal property to his sister, the order appointing the receiver was not filed with the clerk of the county in which the judgment roll was docketed; but the original order was filed in Westchester county, which appears to be the residence of the defendant. This was, however, subsequently changed. The original order was filed in New York county, and a certified copy was deposited in the office of the clerk of Westchester county. In the meantime, however, the defendant caused the judgment, in aid of which the receiver was appointed, to be paid in full. When the order appointing the receiver was finally filed in the manner pointed out by the Code, the judgment, which forms the foundation of the proceeding, had been paid; and the question arises whether the court thus lost jurisdiction of the matter, so that the defendant may refuse to obey the order of the court.

The judgment against the defendant was in existence when the court appointed the receiver, its officer, to take charge of the property in behalf of creditors. The admission of the defendant Elizabeth J. Boyd, coupled with the default of this defendant, concedes that the transfer of the property was fraudulent as against creditors; and the court had already, in the exercise of its powers, surcharged the existing judgment with the expenditures made necessary in an effort to collect the same. The receiver was not obliged to file the order appointing him at once. It was only necessary to file the order to vest the title of defendant's property in him, and as to this there are exceptions, which will be hereafter noted. Suppose the defendant, after the making of this order, but before the receiver had had a reasonable opportunity to file the same in the county of New York, had stepped in and paid the judgment; can there be any doubt that the order would have been effective to vest the property of the defendant in the receiver to the extent necessary to pay the costs and disbursements which had already been adjudicated against the defendant? Clearly not. Is the case presented in a different light because the defendant took advantage of an error on the part of the receiver in filing the order to make the payment? We think not. It operated as a fraud upon the court, which had taken jurisdiction of the proceeding to prevent the defendant working a fraud upon his creditors.

If we are right in supposing that an individual may not thus snatch jurisdiction from the court, and the provisions of section 2454 of the Code of Civil Procedure are consistent with no other view, we are

called upon to consider a further provision of the law. It will be remembered that the receiver was appointed after the examination of the defendant on the 13th day of February, 1899, and it is not disputed that the receiver, subsequent to the dismissal of the complaint in his action to set aside the fraudulent transfer, secured the filing of the order appointing him as such receiver in the manner required by the provisions of the Code, above mentioned. His authority to act was thus fully established, and his title to the property of the defendant was complete. Section 2468. In the time which intervened between the making of the order and its proper filing, Elizabeth J. Boyd, who, as against the defendant, had a good title to the drug-store stock, fixtures, etc., which are involved in this proceeding, gave a bill of sale to the defendant for the expressed consideration of $1,500, the latter executing and delivering a chattel mortgage upon the same property for the securing of the payment of this sum; and it is evidently upon this foundation that the defendant builds his contention that he is unable to comply with the provisions of the order of October 20th, directing him to pay $127 or to deliver to the receiver the stock, fixtures, etc., or so much of such property as shall be necessary to pay the sum free of all expenses. At this point, however, section 2469 of the Code steps in and provides that:

"Where the receiver's title to personal property has become vested, as prescribed in the last section, it also extends back by relation, for the benefit of the judgment creditor in whose behalf the special proceeding was instituted as follows: (1) Where an order, requiring the judgment debtor to attend and be examined * * * has been served, before the appointment of the receiver, or the extension of the receivership, the receiver's title extends back, so as to include the personal property of the judgment debtor, at the time of the service of the order or warrant."

It appears, then, that the receiver, on filing the order making his appointment in the county of New York, and a certified copy of such order in the county of Westchester, where the defendant resided, became vested with whatever personal property was owned by the defendant at the time of the serving of the order for his examination, together with such other rights as vest in a receiver, including the right to bring actions to set aside transfers made in fraud of the rights of creditors. Stephens v. Perrine, 143 N. Y. 476, 483, 39 N. E. 11, and authorities there cited. The transfer to defendant's sister having been conceded to be fraudulent as against creditors, she took no title as against the receiver, and the property vested in the court, through its officer, to be disposed of in accordance with the law. It was charged, not only with the payment of the original judgment, but the lawful costs and disbursements which had been made necessary by the defendant's misconduct; and all intermediate jugglery with the title between the defendants Boyd and Robinson can have no bearing upon the matter, unless to aggravate the original fraud and afford additional justification for the final order of the court.

The objection that the court was without authority to order the defendant to pay a certain sum of money, or, in default, to turn over enough of the property to pay the amount, is not justified by the facts here presented. The title to the property vested in the receiver, and the court did no more than to direct that it be turned over to the

owner unless the legitimate charges against it should be paid. This part of the order is favorable to the defendant. It permits him to do what he in justice and good conscience should have done without the order, without subjecting him to any further expense.

We have examined the other questions raised, but we do not discover any error which warrants the interference of this court. While it may be that in the matter of costs, abstractly considered, they might be collected by execution, we are of opinion that where the costs are a mere incident to the matter before the court, and where they make up a part of "a sum of money ordered or adjudged by the court to be paid," it was not contemplated by the law that they should be separated, and that it is competent for the court to punish under the provisions of subdivision 3 of section 14 of the Code of Civil Procedure, as well as under subdivision 8 of the same section, which, as the court say in People v. Rice, 144 N. Y. 249, 263, 39 N. E. 88, preserves "to courts of record the power they had previously possessed to punish, in the interest of a party to the action, as a contempt, an evasion, or a violation of duty, or misconduct, which resulted in defeating or prejudicing the complainant's rights." Section 2268 of the Code of Civil Procedure sanctions the view we have taken of this question, and provides that:

"Where the offense consists of a neglect or refusal to obey an order of the court requiring the payment of costs, or of a specified sum of money, and the court is satisfied, by proof, by affidavit, that a personal demand thereof has been made, and that payment thereof has been refused or neglected, it may issue, without notice, a warrant to commit the offender to prison, until the costs or other sum of money, and the costs and expenses of the proceeding, are paid, or until he is discharged according to law."

In the matter now before us the defendant was served with an order to show cause why he should not be punished, and had an opportunity to be heard, and was heard by affidavit, before the order was issued. He has brought these troubles upon himself,—first by a fraudulent transfer of the property, and then by an effort to oust the court of a jurisdiction acquired in aid of the judgment; and he has no right to complain, where the court has refrained from imposing a fine, and has confined the order merely to the payment of the costs and expenses which have been created wholly by his own misconduct.

The order appealed from should be affirmed, with costs. All concur; HIRSCHBERG, J., in result.