(34 Misc. Rep. 188.)

INDUSTRIAL LOAN ASS'N v. SAUL et al.

(Supreme Court, Appellate Term.  February 25, 1901.)

1. CHATTEL MORTGAGES—REFILING—VALIDITY OF REFILING.
    Under the statute requiring a chattel mortgage to be refiled within 30 days before the expiration of the year in order to maintain its validity as against subsequent purchasers and creditors, the filing is nugatory, if made either before or after the time fixed by the statute.

2. WAREHOUSEMEN—LIEN.
    A warehouseman in possession of chattels, having a right to sell them in discharge of his lien, stands in the same position as to a mortgage of the chattels, invalid by reason of not having been refiled as required by the statute, with regard to his right to attack the mortgage as a judgment creditor, whether the debt accrued before or after the default in the refiling.

3. SAME.
    Under Laws 1897, c. 418, art. 6, § 73, giving a warehouseman a lien on goods in his possession for his charges, a warehouseman is entitled to the payment of his charges before surrendering possession, as against a mortgagee of the chattels.

Appeal from municipal court, borough of Manhattan, First district.
Action by the Industrial Loan Association against Charles R. Saul and others.  From a judgment in favor of defendants, plaintiff appeals.  Affirmed.

Argued before ANDREWS, P. J., and O'GORMAN and BLANCH-ARD, JJ.

William Henry Knox, for appellant.
James S. Lehmaier, for respondents.

O'GORMAN, J.   In order to maintain the validity of a chattel mortgage as against creditors and subsequent purchasers and mortgagees in good faith, there must be a strict and rigid observance of the statutory requirements.   Stevenson Brewing Co. v. Eastern Brewing Co., 22 App. Div. 523, 48 N. Y. Supp. 89.   Plaintiff's mortgage was filed April 6, 1898, and on February 17, 1899, 48 days before the expiration of the year, the renewal was filed.   The statute, however, requires the filing to take place within 30 days before the expiration of the year, and the refiling becomes absolutely nugatory if done either before or after the time fixed by the statute.   Thomas, Mortg. § 302; Jones, Mortg. § 282; Newell v. Warner, 44 Barb. 258.

The defendant Saul, as a warehouseman in possession of the chattels, with a right to sell them in discharge of his lien, is to be regarded the same as a judgment creditor in respect to his right to assail the validity of the mortgage, and as to such a creditor, whether the debt accrued before or after the default in the refiling, a mortgage with the infirmities established against the one in question becomes absolutely void.   State Trust Co. v. Casino Co., 5 App. Div. 385, 39 N. Y. Supp. 258.   But, even if the validity of the mortgage could not be impeached, the defendant, being a warehouseman, was entitled to the payment of his lawful charges before being required to surrender possession of the property.   Laws 1897, c. 418, art. 6, § 73. These charges the plaintiff refused to pay, and, in either aspect of the case, he could not recover, and the judgment for defendants must be affirmed.

Judgment affirmed, with costs.   All concur.