In re PEARLMAN.

(District Court, E. D. New York. December 18, 1917.)

1. CHATTEL MORTGAGES ⟨⟩99—FILING ANEW—STATUTE.

Under Lien Law N. Y. (Consol. Laws, c. 33) § 235, as amended by Laws 1915, c. 608, which provides that a chattel mortgage shall be invalid as against creditors of the mortgagor and subsequent purchasers of the mortgagees in good faith after the expiration of the first or any succeeding term of one year, unless within 30 days next preceding the expiration of such term a statement, containing a description of such mortgage, etc., or a copy of the mortgage with its indorsements, is filed in the proper office in the city or town where the mortgagor then resided, and if the chattels are located in the city of New York at the time of the execution of such mortgage a copy of such mortgage and its indorsements, etc., must be filed in the same office or offices where the original mortgage or copy thereof was filed at the time of the execution of the same, a statement or copy must, where the chattels are in New York City, be refiled in the several offices in which the mortgage or copies may have been originally filed.

2. CHATTEL MORTGAGES ⟨⟩97—RENEWAL—LIEN LAW—TIME FOR FILING.

Lien Law N. Y., § 235, as amended by Laws 1915, c. 608, requiring annual refiling of chattel mortgages within 30 days next preceding the expiration of each term of a year as condition to validity, must be construed strictly, and a renewal filed prior to the 30-day period is invalid.

3. CHATTEL MORTGAGES ⟨⟩97—RENEWAL—LIEN LAW—TIME FOR FILING.

Where a copy of a chattel mortgage was filed in the county in which the property was located on February 16th, a renewal notice filed on January 16th of the following year was too early, and was ineffective, under Lien Law N. Y., § 235, as amended by Laws 1915, c. 608, requiring such renewal notice, etc., to be filed within 30 days next preceding the term of one year from the first filing, etc., for, no matter how the time be computed, the notice was filed more than 30 days before the expiration of the year; this being true, even though the law would not consider the part of the day on which the original filing occurred.

4. CHATTEL MORTGAGES ⟨⟩97—RENEWAL—LIEN LAW—TIME FOR FILING.

In such case, where the original mortgage was filed in the county of the mortgagor's residence on February 10th, and the renewal notice was filed in that county on February 18th, and, as stated above, in the county where the property was located on February 16th, both renewal notices were filed within time for the term of one year cannot be delayed by filing copies for a time.

5. CHATTEL MORTGAGES ⟨⟩97—FILING OF RENEWAL—EFFECT ON ORIGINAL.

A delay of 6 days in filing, pursuant to Lien Law N. Y., § 232, a copy of a chattel mortgage in the county where the property was located, does not render invalid the original filing, in the absence of evidence showing that any person was deceived, or that there was any intent to deceive, by reason of such delay.

In Bankruptcy. In the matter of the bankruptcy of Joseph I. Pearlman. Application for payment of a chattel mortgage from the proceeds of the sale of the estate, including the property covered by the mortgage. Application granted.

Siegel, Corn & Siegel, of New York City, for petitioner.
Samuel Zirn, of Brooklyn, N. Y., for trustee.

CHATFIELD, District Judge. This is an application for payment of a chattel mortgage from the proceeds of sale of the estate, including

the property covered by the mortgage. The only question is as to the validity of the mortgage, and arises as follows:

[1] The original mortgage was made on February 10, 1916. It was filed in the office of the register of the county of Kings, where the mortgagor resided, on February 10, 1916, and in the county clerk's office in Queens county, where the property was located, on February 16, 1916, under section 232 of the Lien Law of the state of New York, contained in chapter 38 of the Laws of 1909. By section 235, a chattel mortgage is invalid as against creditors "after the expiration of the first or any succeeding term of one year, reckoning from the time of the first filing, unless, (1) within thirty days next preceding the expiration of each such term, a statement" is filed (2) "in the proper office" of residence, and if the chattels were in New York City a copy must also be "filed in the same office where the original mortgage or a copy thereof was filed at the time of the execution of the same." By chapter 608 of the Laws of 1915, the words "or offices" have been inserted in the part last quoted.

The direction that the copy be filed "in the same office where the original mortgage or a copy thereof was filed" evidently caused some discussion. The mortgagee claims that the original provision was not in the plural, and that the refiling might be in either one or the other of these offices. No reason has been shown for such an interpretation. The provision was plainly one in addition to that requiring refiling in the county of residence, but the amendment has removed the question, if it existed.

[2, 3] But this does not answer the principal question raised as to validity. The trustee points out that the renewal notice was filed in the county of Kings upon the 18th day of January, 1917, and in the county of Queens on the 16th day of January, 1917. The former copy was clearly within the 30-day period preceding the expiration of the term. The trustee, however, contends that the copy filed in Queens county upon the 16th day of January was on the day before this 30-day period.

The mortgage, which was filed during office hours upon February 16, 1916, would be good for one year, reckoning from the "time" of that filing. This would include a part, at least, of February 16, 1917, and under all rules of construction would go beyond the end of February 15, 1917. For all usual purposes it would include the whole of the 16th. Hence 30 days immediately preceding the expiration of such term could be computed by counting the 16th of February as the first of said 30 days. This would give all of the 18th of January as the 30th day preceding.

The statute says, "within 30 days next preceding the expiration." If we take the "next" 30 days preceding the date of expiration, we would include only the 17th of January as the 30th day. Again, if we count back from the hour, i. e., "the time" of filing, we also run into the 17th, and all of that calendar day would be available. To give the mortgagee by construction a part of a day over "one year," on the theory that the law does not take into account the parts of a day, and then to penalize him by including that part of a day to fill up the 30-

day period, and thus to disregard that part of the thirtieth day which stretched back into January 17th, would be contrary to the usual application of the rule.

It has been repeatedly held that this section must be construed strictly, and that a renewal filed prior to the 30-day period is invalid. Industrial Loan Ass'n v. Saul, 34 Misc. Rep. 188, 68 N. Y. Supp. 837; Newell v. Warner, 44 Barb. (N. Y.) 258; Nat. Bank of Metro. v. Sprague, 20 N. J. Eq. 13. A strict interpretation does not mean that the law must shorten the period by a forced construction, but one day too much is as great an evasion of the statute as a longer lapse from the prescribed term. Hence a filing on January 16th would be invalid, if that were the sole criterion. But the law says that the mortgage must be filed in two places, and must be renewed within 30 days preceding the expiration of one year after the first filing. The refiling must be in both offices.

[4, 5] The term of one year cannot be extended by delaying the filing of the copy for a period. Hence, as the mortgage was filed first on February 10th, the date of expiration was February 10th of the following year, and not February 16th, which was the date of the additional filing. In this view of the case, the refiling was in time in both counties. A delay of 6 days in filing the copy is not outside of a reasonable time for filing, and would not constitute by itself such a departure from the statute as to work a fraud on other creditors, in the absence of some showing of injury to subsequent lienors, or in the absence of evidence indicating an intent to deceive by the delay.

The original filing was therefore valid, and the motion must be granted.