### In re STEFFENS.

Circuit Court of Appeals, Second Circuit. April 1, 1929.

No. 198.

Sydney Rosenthal, of Long Island City, N. Y., for appellant.

Herbert S. Vogel, of New York City (Joseph J. Dreyer, of Brooklyn, N. Y., of counsel), for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

L. HAND, Circuit Judge (after stating the facts as above). The validity of the mortgage is a question dependent wholly upon the law of New York, of which the controlling provision is section 235 of the Lien Law (Consol. Laws, c. 33). This makes a chattel mortgage "invalid as against creditors of the mortgagor, * * * after the expiration of the first or any succeeding term of one year, * * * unless, * * * within thirty days next preceding the expiration of each such term," a statement is filed containing the substance of its contents. The trustee's position is that the refilings on November 27, 1925, and November 18, 1926, being more than 30 days before the expiration of the year, were ineffectual, and that the possession taken by the mortgagee on February 3, 1927, did not cure the omission. The mortgagee maintains that, since no creditor established a lien by execution before February 3, 1927, none could challenge the mortgage, and that the trustee was in the same case; further, that all the creditors had become such after the mortgage was executed and filed, and that the failure to refile prejudiced nobody.

We held in In re Myers, 24 F.(2d) 349, that creditors who became such after the mortgage was filed were charged with notice, though the mortgagee had unreasonably delayed. We there noted that the question was not the same when the mortgagee failed to refile within the period prescribed by section 235. We had already held that the failure to refile a chattel mortgage within the year made it void (In re Watts-Woodward Press Co., 181 F. 71), and we think it equally incumbent upon the mortgagee not to file it prematurely (Industrial Loan Ass'n v. Saul, 34 Misc. Rep. 188, 68 N. Y. S. 837 [App. T.]; In re Pearlman [D. C.] 246 F. 874; In re Lukas [D. C.] 24 F.[2d] 254). While Newell v. Warner, 44 Barb. (N. Y.) 258, was reversed in Newell v. Warren, 44 N. Y. 244, the decision of the Court of Appeals did not disturb the ruling below upon this point, but rather gave color to it. See, also, Rice v. Kahn, 70 Wis. 323, 35 N. W. 465, and Heinselt v. Smith, 34 N. J. Law, 215.

The situation is quite different from a delay in the original filing. The statute protects creditors in existence when the mortgage is made (Karst v. Gane, 136 N. Y. 316, 32 N. E. 1073), because the delay in filing may have lulled them to inaction, and since it is impossible to say how much this may have injured them, as to them the mortgage must be void. The rights of those who become creditors between execution and filing are even more plain; they may have dealt upon the faith of the property. Those who lent their money after filing may, however, be justly charged with notice, whatever the delay. The statute has created a substitute for possession, and presupposes that wary creditors will search the records. They will find the mortgage with equal certainty, no matter when it was executed, if it be regularly filed before they lend.

But the mortgage is invalid, except as the statute saves it, for the mortgagor is getting a colorable credit through his continued possession, which at common law created a presumption of fraud. The statute makes its own terms, which no creditor need go beyond; if he finds a mortgage on file, he need search only for 30 days before the succeeding year expires. A clear record for that period discharges him of the lien; it is so written, and perhaps in substance it is·necessary, because it by no means follows that a searcher for the prescribed period must in practice turn up all records filed earlier. The mortgage at bar was therefore invalid after February 3, 1926. Subsequent possession did not revive it (Stephens v. Perrine, 143 N. Y. 476, 39 N. E. 11), assuming that Diestel did take possession.

The appellant, in arguing that judgment and execution before filing or possession is a condition upon a creditor's power to avoid the mortgage, ignores the later decisions. Karst v. Gane, 136 N. Y. 316, 32 N. E. 1073; Stephens v. Perrine, 143 N. Y. 476, 39 N. E. 11; Skilton v. Codington, 185 N. Y. 80, 77 N. E. 790, 113 Am. St. Rep. 885; In re Richardson, 294 F. 451 (C. C. A. 2).

A question might indeed arise as to those creditors who lent their money after Diestel had taken possession. Perhaps they could not share in the proceeds. This would, however, be moot unless those proceeds were more than enough to pay in full creditors in existence on February 3, 1927. The division·in such a case might be as follows: A dividend to all creditors out of the estate, counting out the mortgaged property. A second dividend from the mortgaged property declared only to those in existence before possession taken. If, after these last were paid in full, there should remain anything over, we do not say that the mortgagee would not prevail as to the balance against the unpaid creditors. No such point was raised, and we do not understand that the facts require its decision.

Order affirmed.