AVIATION CREDIT CORPORATION, Plaintiff, *v.* LUCILLE GARDNER and ALBERT McCLURE, Defendants.

Supreme Court, Erie County, July 27, 1940.

*Elliott L. Berger,* for the plaintiff.

*Louis Perlmuter,* for the defendant Lucille Gardner.

*Joseph H. Reingold,* for the defendant Albert McClure.

GOLD, J. This action was commenced by the plaintiff against the defendants to replevin a Porterfield Turner, two-passenger cabin airplane.

Edward Simon, a resident of the town of Amherst, purchased the above-mentioned plane from one Dick Ferry of Albany, N. Y., on or about the 22d day of September, 1939, and gave Ferry a chattel mortgage dated September 23, 1939, covering the said airplane.

Said chattel mortgage was assigned to the plaintiff herein, and said chattel mortgage, or a copy thereof, was recorded in the county clerk's office of the county of Niagara located in the city of Lockport, and also with the Civil Aeronautics Authority at Washington, D. C., on the 30th day of October, 1939.

The plane was stationed at the Lee Airport, which is located in the town of Lockport, in said county, and was used exclusively for student flying. It was not used in interstate commerce.

There was one occasion when it was rented to one Raymond Mix for a trip to the city of New York, N. Y., and return, during which it crossed the Pennsylvania border.

The Ideal Credit Union had a judgment against the above named Edward Simon, and by virtue of the same issued an execution to the sheriff of Niagara county to levy on said airplane. A levy on said airplane was made on the 20th day of May, 1940, and notices of sale posted on the 21st day of May, 1940, and sale was held on the 28th day of May, 1940.

At the sale, Lucille Gardner, one of the above named defendants, purchased said plane from the sheriff, paid for it, and in turn sold the same to Albert McClure, the other defendant herein.

Neither the said chattel mortgage, nor a copy thereof, was filed in the town clerk's office of the town of Lockport where the airplane was located, nor in the town clerk's office of the town of Amherst in the county of Erie where the said Edward Simon, owner of the plane and judgment debtor of the Ideal Credit Union, was then residing.

The facts as above stated are not disputed by either party, and in fact they have submitted the facts as aforesaid to this court for its consideration upon the determination of these motions.

A motion has been made herein by the plaintiff for summary judgment against the defendants awarding possession of the said airplane to the plaintiff. Or if possession thereof can not be delivered to plaintiff for the sum of $890.92, plus attorneys' fees.

It claims that the recording of the chattel mortgage with the Civil Aeronautics Authority at Washington, D. C., was all that was necessary with reference to recordation and refers to section 503 of chapter 601 of the Civil Aeronautics Act of 1938 (U. S. Code, tit. 49, § 523).

The defendants have made counter motions for an order dismissing the complaint of the plaintiff and for summary judgment herein dismissing the complaint on the ground that the said chattel mortgage or a copy thereof was not filed in the town clerk's office of the town of Lockport, Niagara county, N. Y., where said plane was located, or in the town clerk's office of the town of Amherst, Erie county, N. Y., where said Edward Simon resided.

It further claimed that the plane is not one used in interstate commerce and therefore one not contemplated under the act requiring recordation with the Civil Aeronautics Authority at Washington, D. C. They claim that this act refers only to airplanes used in interstate commerce and transportation.

" Regulatory powers of Congress, under the commerce clause, may not be invoked as to purely intrastate enterprises." (*Duke*

*Power Co.* v. *Greenwood County*, 10 F. Supp. 854. See, also, Annotated Statutes, Code Annotated, art. 1, § 8, cl. 3, note 184.)

" Authority of the Federal government [over interstate commerce] may not be pushed to such an extreme as to destroy the distinction, which the commerce clause itself establishes, between commerce among the several States and the internal concerns of the State." (*National Labor Relations Board* v. *Jones and Laughlin Steel Corp.*, 301 U. S. 1. See, also, Annotated Statutes, Code Annotated, art. 1, § 8, cl. 3, note 184.)

" Power of Congress to regulate commerce * * * may not be extended so as to embrace effects upon interstate commerce so indirect and remote that to embrace them * * * would effectually obliterate the distinction between what is national and what is local and create a completely centralized government, the question is necessarily one of degree." (*National Labor Relations Board* v. *Jones and Laughlin Steel Corp.*, *supra*. See, also, Annotated Statutes, Code Annotated, art. 1, § 8, cl. 3, note 184.)

" Congress has no power to regulate purely intrastate commerce a matter reserved to the States." (*Inter-Island Steam Nav. Co.* v. *Territory of Hawaii*, 96 F. [2d] 412. See, also, Annotated Statutes, Code Annotated, art. 1, § 8, cl. 3, note 184.)

Obviously, therefore, the Federal government either did not intend that the legislation with regard to recording should apply to this case, which is purely intrastate matter, or if it did mean to apply to this matter, then it was equally as obviously unconstitutional, as appears by the cases heretofore quoted.

Counsel for the plaintiff in his brief maintains that the New York State Legislature intended to follow the Federal statutes and to substantiate his arguments, he quotes sections 240–243 of article 14 of the General Business Law. A careful analysis of that definitely shows that the State did intend to follow the Federal statute and therefore provided that in the interest of aeronautical progress, a person engaged within this State in operating aircraft, in any form of aviation for which a license to operate aircraft issued by the United States government would then be required if such aviation were interstate, should have the qualifications necessary for obtaining and holding such a license and that such person shall have such a license. This section unequivocally points out that it further appeared that the Federal government could not insist upon a license of an aviator if the plane was flown intrastate and therefore, legislated to that effect. Likewise with section 243. But unfortunately the New York State

Legislature did not see fit to give the Federal government control directly or indirectly over property rights of its citizens engaged in intrastate commerce. If the Legislature intended to do so, it should have so legislated. The fact that it has not been legislated and the fact that section 232 of the Lien Law definitely provides that all chattel mortgages shall be filed as prescribed, except canal boat, steam tug, scow or other craft, or of the appurtenances thereto, navigating the canals of this State, all of which must be filed with the superintendent of public works, reveals that obviously that Legislature did not provide that airplanes used in intrastate commerce, over which only New York State Legislature has power of legislation, should be any exception to the general rule.

I find that the Civil Aeronautics Authority does not assume jurisdiction of property rights of any individual or individuals engaged in purely intrastate commerce, and that it was necessary to file the chattel mortgage, or a copy thereof, as provided by the Lien Law of the State of New York.

The motion for summary judgment on behalf of the plaintiff and against the defendants is, therefore, denied, and the motion on behalf of the defendants for summary judgment dismissing the complaint of the plaintiff herein is hereby granted.

Let judgment be entered accordingly.