**WHITE v. STEINMAN et al.**

**No. 301.**

Circuit Court of Appeals, Second Circuit.

June 9, 1941.

---

Charles Podsen, of New York City, for petitioner-appellant Irving J. White.

Louis P. Rosenberg, of Brooklyn, N. Y., for appellee Irving Steinman.

Before .SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

Irving J. White installed certain equipment in the place of business of Manhattan Bakeries Inc. (hereafter called Manhattan) at Long Island City. The equipment was sold by White to Manhattan under a written agreement whereby White retained title as conditional vendor. According to the terms of the agreement a balance of the purchase. price amounting to $11,000, and due from Manhattan, was to be paid off at the rate of $500 per month with interest. In September, 1937, Manhattan defaulted in its payments, leaving a balance then owing of $9,400 and interest. The conditional sales agreement was filed in the office of the Register of Queens County on May 12, 1937, and a copy, with a statement of the amount unpaid, was refiled March 28, 1940. On May 21, 1940, White began an action in the New York Supreme Court, Queens County, to replevy the equipment subject to the conditional sales agreement and served a summons, complaint and notice of motion to replevy it, but no writ of replevin was issued to the sheriff and the chattels remained in the possession of Manhattan.

On June 1, 1940, an involuntary petition in bankruptcy was filed against Manhattan

in the Eastern District of New York and on June 3 a receiver was appointed and an order was made staying all proceedings against the bankrupt as well as against the removal of any of its property. Manhattan was adjudicated a bankrupt on June 6, 1940. The receiver went into possession of the equipment subject to the conditional sale agreement and thereafter received the following offer submitted by the respondent Pearlstein to purchase the assets of Manhattan:

"I offer to purchase all of the machinery, equipment, automobiles, furniture and fixtures, stock, accounts receivable and equities therein, books and records of account, routes, good-will, trade names, real estate and improvements thereon known as 36–42 37th Street, 36–41 37th St., and 36–50 38th Street, Long Island City, New York, and any and all other assets (except cash) of Manhattan Steam Bakery, Inc., upon the following terms and conditions:

"1. The purchase price for all of the above shall be $7500.00 and in no event shall it exceed the sum of $7500.00. The City Sales Tax shall be paid from said purchase price.

"2. That all of said assets are to be purchased free and clear of any attachments, judgments, Federal, State and City taxes and claims of creditors, but subject to mortgages, conditional bills of sale and foreclosure proceedings thereof, and real estate taxes and assessments affecting said real and personal property."

The foregoing offer was approved at a meeting of creditors called to pass upon it by order of the referee of June 22, 1940, and the property sold was purchased by Pearlstein and on June 24, 1940, was transferred by him to a corporation which had been organized under the name of Manhattan Bakeries Inc., a respondent and one of the appellees in this proceeding.

Prior to the sale White petitioned the District Court for an order directing the petitioning creditors and the receiver to show cause why the stay of June 3 should not be modified so as to permit him to repossess himself of the chattels covered by the contract of conditional sale and to proceed to judgment in the action of replevin or to have such further relief as the court might deem just. The petitioning creditors opposed the application on the ground that the conditional contract of sale was void against the creditors of the bankrupt for the reason that it had not been refiled as required by New York law, and prayed that the application be denied and the issues referred to the referee in bankruptcy for hearing and report. On July 1, 1940, White brought a second action in the New York Supreme Court to replevy the chattels which had been sold to Pearlstein, subject to the conditional bill of sale. This action was brought against Pearlstein and his transferee, Manhattan Bakeries Inc. The trustee filed a petition in the bankruptcy court and obtained an order staying White, Pearlstein, Manhattan Bakeries Inc., and the sheriff from taking any steps in connection with the disposition of the chattels and ordering them to show cause why the conditional sales agreement should not be held void and the lien preserved for the benefit of the bankrupt estate.

The question whether the conditional sales contract was void as between White and the trustee in bankruptcy, and what were the rights of the respective parties against one another, was referred and the matter came to a hearing at which White, the trustee in bankruptcy, Nathan Pearlstein and Manhattan Bakeries Inc. were represented. White appeared specially and objected to the jurisdiction of the court because an action for the possession of the chattels included in the conditional sale was already pending in the State Court. Pearlstein filed an answer to the trustee's petition on behalf of himself and Manhattan Bakeries Inc. in which he alleged that the conditional bill of sale was void against himself and his transferee Manhattan Bakeries Inc. and that no adjudication could be made as to its status unless White consented to be bound by any decision which might be rendered upon the issues. The referee reported that the refiling of the conditional bill of sale prior to thirty days before the expiration of three years from the date of the original filing did not conform to the provisions of the New York Personal Property Law, Consol.Laws, c. 41, applicable to conditional sales. He also reported that because of premature filing the conditional bill of sale was void as against the general creditors of Manhattan and that the purchaser took the chattels included therein subject thereto and to the amount due thereon. He also reported that the lien of the conditional bill of sale should be preserved for the benefit of the estate of the bankrupt.

On the motion of the trustee the District Court confirmed the referee's report and decree that:

"The conditional sales agreement of Irving J. White dated April 26th, 1937 be and the same hereby is declared null and void as against the bankrupt estate, but said lien is preserved for the benefit of the estate as against Nathan Pearlstein, the purchaser from the Receiver, and Manhattan Bakeries, Inc."

We think that the District Court had summary jurisdiction to determine the validity of White's conditional bill of sale. The latter had invoked its jurisdiction by his motion to vacate the stay and to repossess the chattels. At the time the petition in bankruptcy was filed, and also at the time when White made his motion, the chattels were in the possession of the bankruptcy court. If the conditional title of White was invalid as against the bankrupt's creditors because of his failure to conform to the filing act, the interest in the chattels represented by his lien ought nevertheless to be preserved for the benefit of the bankrupt estate. White could not retain it because the irregular filing rendered it invalid against the bankrupt's creditors. The purchaser could not hold the chattels free from it because he had bought them subject to all liens.

The proceeding to determine the validity or invalidity of the lien was one over which the District Court had jurisdiction. The contention that its jurisdiction was lost when the receiver sold his interest in the chattels is not sound for the reason that he only sold such interest as was not subject to the vendor's lien. Anything remaining was ·within the control of the bankruptcy court and might properly be disposed of by its decree.

Section 71 of the New York Personal Property Law contains the provisions as to the filing of conditional bills of sale and reads as follows:

"The filing of conditional sale contracts * * * shall be valid for a period of three years only. * * * The validity of the filing may in each case be extended for successive additional periods of one year from the date of refiling by filing in the proper filing district a copy of the original contract within thirty days next preceding the expiration of each period, with a statement attached signed by the seller, showing that the contract is in force and the amount remaining to be paid thereon. * * * *"

There can be no doubt that the conditional sales contract was improperly refiled. A premature refiling of a chattel mortgage invalidates the lien of the mortgagee as against creditors. In re Steffens, 2 Cir., 31 F.2d 660, 63 A.L.R. 589. We see no reason why the same rule should not apply to the refiling of conditional bills of sale—and so it was held in In re Kaufman, D.C.,N.D.N.Y., 1 F.Supp. 368.

Section 65 of the New York Personal Property Law provides as follows:

"§ 65. Conditional sales void as to certain persons. Every provision in a conditional sale reserving property in the seller shall be void as to any purchaser from or creditor of the buyer, who, without notice of such provision, purchases the goods or acquires by attachment or levy a lien upon them, before the contract or a copy thereof shall be filed as hereinafter provided."

Section 70, sub. c of the Chandler Act, U.S.C.A., Title 11, § 110, sub. c, provides that:

"The trustee, as to all property in the possession or under the control of the bankrupt at the date of bankruptcy or otherwise coming into the possession of the bankruptcy court, shall be deemed vested as of the date of bankruptcy with all the rights, remedies, and powers of a creditor then holding a lien thereon by legal or equitable proceedings, whether or not such a creditor actually exists; * * *."

It is argued that the foregoing provisions of the Chandler Act do not apply because they were enacted in 1938 after the conditional bill of sale was made. They, however, did no more than afford a remedy to a trustee in bankruptcy. We can see no possible basis for the claim that they unlawfully divested property rights. Indeed, the words "whether or not such a creditor actually exists", which were added by Section 70, sub. c of the Chandler Act to Section 47, sub. a(2), 11 U.S.C.A. § 75, sub. a(2), of the former Bankruptcy Act, as it had stood since the Amendment of 1910, gave the trustee no more than the "remedies * * * of a creditor holding a lien by legal or equitable proceedings" which already were open to him under Section 47. In the present case the chattels could have been reached by an execution creditor since the title of

the conditional vendor was invalid because the conditional bill of sale was not re-filed in accordance with the statute. Accordingly the rights of the trustee as representative of the creditors must prevail over the invalid lien of the conditional vendor. In re Active Wet Wash Laundry Co., D.C., 8 F.Supp. 966 (affirmed in 2 Cir., 73 F.2d 990); In re Duker Ave. Meat Market, 6 Cir., 2 F.2d 699; cf. Bailey v. Baker Ice Machine Co., 239 U.S. 268, 36 S.Ct. 50, 60 L.Ed. 275.

If, as we hold, White's lien is invalid because of failure to refile the contract of conditional sale he cannot properly object to the order appealed from. The New York statute invalidated White's lien as against Manhattan's creditors who had no notice of the conditional bill of sale and White had the burden of showing that there were no creditors who were without notice—a burden which he has not sustained. In re Master Knitting Corp., 2 Cir., 7 F.2d 11. Pearlstein and his transferee Manhattan Bakeries Inc. cannot question the order of the District Court for neither has appealed.

In spite of the clear invalidity of White's lien as against the trustee in bankruptcy, he seeks to retain its value on the ground that the receiver parted with all interest in the res even though he did not sell the interest covered by White's lien. In other words White seeks to obtain a windfall regardless of the fact that the estate never received any equivalent for it by way of purchase money. This seems to us not only inequitable, but irrational, and we hold that such value as there was in the interest of White, had his lien been valid, remains an asset of the bankrupt estate. The provision of the order whereby the "lien is preserved for the benefit of the estate as against Nathan Pearlstein, the purchaser from the receiver, and Manhattan Bakeries, Inc.", is somewhat misleading but serves as a sufficient description of the interest retained by the trustee. Speaking accurately, what is preserved is not the lien of White but an interest in the chattels equivalent thereto which the bankruptcy court never sold.

Order affirmed.

CLARK, Circuit Judge (concurring in the result).

I would reach the same result, but by somewhat different reasoning. It seems to me a strained construction of the contract of sale to Pearlstein to hold that it meant a purchase subject to an invalid lien or claim. If that were all, the dispute here would be between the conditional vendor and the purchaser as present owner and beyond bankruptcy jurisdiction. But the sale contract could be held on the evidence to be the product of mutual mistake, and I think it within the equity powers of the bankruptcy court under the circumstances either to set it aside or to treat it as substantially reformed to carry out the parties' intent—which is the substantial effect of the decision below.