Isidoe Wassebvogel, Spec. Eef.
This is an action in replevin wherein plaintiff seeks to recover possession of certain automobiles or, in the alternative, their value.
On or about June 26, 1958, plaintiff loaned to the defendant Lori Motor Sales' Corp. the sum of $20,000 in return for a promissory note in that amount and, as security therefor, a chattel mortgage on 17 automobiles allegedly then owned by Lori Motor Sales Corp. Subsequently, this named corporate defendant sold the automobiles purportedly covered by the chattel mortgage. The only defendants actually before the court in this action are two of the purchasers of several of these automobiles.
The action resolves itself to one principal issue, namely, whether the chattel mortgage here involved was properly filed so that it became binding as a matter of law upon subsequent purchasers of the automobiles. No actual notice of plaintiff’s lien was established on the trial. The only way, therefore, that defendants can be held liable here would be through proof of constructive notice to them of plaintiff’s interest in the automobiles they purchased from Lori Motor Sales Corp. Such constructive notice to defendants could be had only if plaintiff proved that there was proper filing of the chattel mortgage in conformity with the applicable statute (see Lien Law, §§ 230, 232).
Section 232 of the Lien Law, insofar as it applies to the chattel mortgage here involved, provides as follows: ‘ ‘ Every other chattel mortgage * * * must be filed in the * * * town or city where the mortgagor, if a resident of the state, resides at the time of the execution thereof, * * * or in the town or city where the property mortgaged is at the time of the execution of the mortgage. * * * such instrument shall he filed in the office of the town or city clerk, unless there is a county clerk’s office in such town or city, in which case it must he filed therein.” (Italics added.)
The record establishes that'the mortgagor’s place of business was in Hempstead, Nassau County, Long Island. Under the applicable law, as above set forth, in order to have properly filed the chattel mortgage, it should have been filed in the Town of Hempstead, the residence and place of business of the mortgagor. Contrary to plaintiff’s contention, the documentary evidence clearly establishes, without any ambiguity, that said *862 chattel mortgage was filed in Mineóla, Long Island. Mineóla, as shown on the official map of Nassau County, is not within the Township of Hempstead, but lies in the Town of North Hempstead. It necessarily follows, therefore, that inasmuch as the filing took place within the Township of North Hempstead, when by law it was required to be filed within the Township of Hempstead, there was no valid filing of the chattel mortgage and it must be deemed void and unenforcible against defendants who were subsequent purchasers for value without notice (Matter of Norma Footwear Corp. [Leather Bd. of Trade], 2 A D 2d 24, affd. 2 N Y 2d 887; Industrial Loan Assn. v. Saul, 34 Misc. 188, 189; Aviation Credit Corp. v. Gardner, 174 Misc. 798, 799, 801; see, also, Marine Midland Trust Co. of Binghamton v. Dugan, 202 Misc. 847, 849-852).
Plaintiff’s counsel, in a posttrial brief, requested the court to take judicial notice of the fact that ‘ ‘ the geographical location of the Nassau County Clerk’s Office, where the mortgage was filed, is in the Town of Hempstead, although by accident of the Post Office Department, the County Clerk’s Office address is Mineóla, New York.”
Such claim would necessitate proof adduced upon the trial of this action and is not a proper subject now of which the court may take judicial notice. In any event, the certification by the County Cleric of Nassau County which appears on the chattel mortgage itself conclusively establishes that this document was filed in Mineóla, which, as above noted, on the official map of Nassau County, lies solely within the boundaries of the Town of North Hempstead. This, in my opinion, effectively rebuts the argument made by plaintiff’s counsel in his brief.
In view of the foregoing, it is unnecessary to discuss at length any of the other defenses established by defendants upon the trial. Suffice it to say that the note upon which the alleged chattel mortgage was based was never presented for payment or protested. Likewise, there is sufficient evidence in the record to indicate that new notes were given by the mortgagor to plaintiff in payment of the original $20,000 note. In my opinion, these new notes were given in full extinguishment of the original note and in satisfaction of the chattel mortgage.
Nothing in the case of Industrial Bank of Commerce v. Shapiro (276 App. Div. 370), cited by plaintiff, requires a holding to the contrary. In the instant action, unlike the cited case, the uncontroverted testimony of plaintiff’s own witness established that the original note was considered paid and the underlying-security released, while the new notes were accepted by plaintiff, *863 in consideration of an additional $2,000 payment, as a completely new obligation.
Furthermore, there is other proof in the record which warrants the conclusion that plaintiff gave Lori Motor Sales Corp., the mortgagor, both actual and implied authority to sell the automobiles here involved free and clear of the mortgage lien (see Lien Law, § 230-c; Jefferson Credit Corp. v. National Bronx Bank, 98 N. Y. S. 2d 333, 335). Accordingly, judgment is rendered in favor of defendants dismissing the complaint upon the merits.